UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION

| | |
|---|---|
| CYNTHIA BITTICK,<br><br>   Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>   Defendant. | Case No. 2:21-cv-894<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. § 227<br>2. Invasion of Privacy – Intrusion Upon Seclusion |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Cynthia Bittick ("Plaintiff"), through her attorneys, alleges the following against JPMorgan Chase Bank, N.A., ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of

Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant is at home and transacts business in this District, thus personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in the State of Missouri.

7. Defendant is a banking institution engaged in the business of issuing credit cards, with their principal place of business located in 1111 Polaris Parkway Columbus, OH 43240. Defendant can be served with process at CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus Oh 43219.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

//

## **FACTUAL ALLEGATIONS**

9. In early 2020, Plaintiff lost her second job, which caused her to struggle to make ends meet. In late March 2020, Plaintiff was laid off of her remaining job due to the Covid-19 pandemic.

10. Over the course of the next several months, Plaintiff would return back to work only to be laid off again, which left the majority of financial responsibilities of the household to fall on her husband's sole income.

11. As a result of their reduced income, Plaintiff and her husband were unable to keep up with all their monthly obligations, specifically her JPMorgan Chase accounts.

12. Upon information and belief, after Plaintiff fell behind on her Chase Bank account, her interest rates increased and late payments were added to her account balances, making it even more difficult to make the monthly payment.

13. In or around May of 2020, Defendant began placing calls to Plaintiff's cellular phone number ending in 6189, in an attempt to collect an alleged debt.

14. The calls placed by Defendant originated from the following numbers: 847-426-9138, 800-236-9454, 847-488-2001, 847-488-6348, 888-844-7979, 847-488-5040, 210-586-6800, 602-221-7997, 866-206-5241, 833-362-0388, 888-373-1969, and 833-362-0388.

//

15. On or about May 5, 2020 at 9:22 a.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from telephone number (847) 426-9138.

16. On the call, Plaintiff explained that her financial struggles and her inability to make a payment. Plaintiff further requested that all future communications be sent by mail only, and unequivocally revoked consent to be called any further. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

17. On or about January 23, 2021 at 9:45 a.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from telephone number (833) 362-0388.

18. On the call, Plaintiff explained that her financial struggles and her inability to make a payment. Plaintiff further requested that all future communications be sent by mail only, and unequivocally revoked consent to be called any further. Despite Plaintiff's second request not to be contacted, Defendant continued to call Plaintiff.

19. On or about February 15, 2021 at 8:09 a.m., Plaintiff answered another collection call from Defendant and spoke with Defendant's representative from telephone number (833) 362-0388.

//

20.  On the call, Plaintiff requested, for the third time, that all future communications be sent by mail only, and unequivocally revoked consent to be called any further.

21.  Between May 5, 2020 and February 15, 2021, Defendant called Plaintiff no less than one-hundred and thirty (130) times.

22.  Defendant called Plaintiff between one (1) and two (2) times a day and on one occasion, four (4) times in a day.

23.  Defendant would call Plaintiff while she was at work and not allowed to answer personal phone calls, which would cause her phone to ring continuously. This was not only disruptive, but extremely embarrassing for Plaintiff.

24.  As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
### Defendant's Violations of the TCPA, 47 U.S.C. § 227

25.  Plaintiff re-alleges and incorporates by reference paragraphs one (1) through twenty-seven (27) as though set forth at length herein.

26.  Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States

> . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

27. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C)

## COUNT II
### Defendant's Invasion of Privacy
### (Intrusion upon Seclusion)

28. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through thirty (30) as though set forth at length herein.

29. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite requests for the calls to cease.

   b. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls after explaining that she was unable to make a payment due to her inability to pay and instructed them to only communicate with her in writing.

   c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

30. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.  If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Cynthia Bittick, respectfully requests judgment be entered against Defendant for the following:

   A. Declaratory judgment that Defendant violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Actual and punitive damages resulting from the invasion of privacy;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

E. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

COZMYK LAW OFFICES, LLC

Date: March 2, 2021

By: */s/Peter Cozmyk*
Peter Cozmyk (78862)
6100 Oak Tree Blvd., Suite 200
Independence, OH 44131
pcozmyk@cozmyklaw.com
P: (870) 570-4440
F: (216) 485-2125
*Attorneys for Plaintiff*
*Cynthia Bittick*